462 So.2d 1074 (1984)
Bennie DEMPS, Appellant,
v.
STATE of Florida, Appellee.
No. 64787.
Supreme Court of Florida.
December 20, 1984.
Rehearing Denied February 27, 1985.
John L. Carroll of Mandell and Boyd, Montgomery, Ala., for appellant.
Jim Smith, Atty. Gen., and Gregory C. Smith, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Demps appeals the denial of his rule 3.850 motion following an evidentiary hearing on his claim that the state interfered with a defense witness. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution, and we affirm the trial court.
Demps was convicted of first degree murder and sentenced to death for killing Alfred Sturgis, a fellow inmate at Florida State Prison. We affirmed the conviction and sentence. Demps v. State, 395 So.2d 501 (Fla.), cert. denied, 454 U.S. 933, 102 S.Ct. 430, 70 L.Ed.2d 239 (1981). The Governor signed his death warrant, and his execution was scheduled for June 29, 1982. Demps filed a motion for post-conviction relief, which was denied without hearing by the trial court. He appealed that denial and sought a stay of execution here. We affirmed the trial court's denial of relief on all of Demps' claims except the claim that the state interfered with a defense witness. We reversed and remanded to the trial court for an evidentiary hearing on that issue. We granted a stay of execution pending disposition of the issue. Demps v. State, 416 So.2d 808 (Fla. 1982).
Demps sought to demonstrate at the hearing that the state, through Department of Corrections Investigator Bill *1075 Beardsley, induced Michael Squires not to testify that the state's central witness, Larry Hathaway, had told Squires that he was pressured to testify and that he did not know who killed Sturgis. The defense put on numerous witnesses, including Squires. Larry Hathaway testified for the state that his testimony at trial had been truthful and that he had not told Squires that he knew nothing about the Demps case or that he was pressured by the state. The trial court denied the defense motion, stating:
Having heard the testimony of the witnesses and having observed the demeanor of each witness while testifying, and further having examined all exhibits filed in evidence, this court, with full and conscious realization of the significance and magnitude of the issues raised herein, finds that the Defendant has failed to prove his claim by any believable evidence.
The trial court's order is supported by competent substantial evidence, and this Court will not "substitute its judgment for that of the trial court on questions of fact, likewise of the credibility of the witnesses as well as the weight to be given to the evidence by the trial court." Goldfarb v. Robertson, 82 So.2d 504, 506 (Fla. 1955) (citation omitted).
Demps claims that the trial court erred in sustaining the prosecution's objection to the testimony of a witness regarding a prior consistent statement of Squires. The general rule regarding prior consistent statements, or bolstering testimony, is that such evidence is inadmissible absent impeachment based on an attempt to show a recent fabrication or other reason for the witness's lack of credibility. See Van Gallon v. State, 50 So.2d 882 (Fla. 1951); Allison v. State, 162 So.2d 922 (Fla. 1st DCA 1964). The trial court held that the state attorney had not impeached Squires on cross examination in light of the consistency of his testimony. The court allowed the defense to proffer the witness's excluded testimony. The court then stated, "[h]aving made the proffer, the objection is still sustained." We do not find that reversible error has been demonstrated under the circumstances.
The order of the trial court is affirmed. The stay of execution is vacated.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.