702 So.2d 1250 (1997)
Omar BLANCO, Appellant,
v.
STATE of Florida, Appellee.
No. 83829.
Supreme Court of Florida.
September 18, 1997.
Rehearing Denied December 17, 1997.
*1251 Todd G. Scher, Chief Assistant CCR, Office of the Capital Collateral Representative, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Carolyn V. McCann, Special Assistant Attorney General, Fort Lauderdale, for appellee.
SHAW, Justice.
Omar Blanco appeals the denial of his rule 3.850 motion[1] following an evidentiary hearing. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm.
The facts are set out fully in our opinion on direct appeal. See Blanco v. State, 452 So.2d 520 (Fla.1984). Omar Blanco was convicted of first-degree murder for the January 14, 1982, slaying of John Ryan and was sentenced to death. We affirmed. Id. We denied Blanco's petition for writ of habeas corpus and affirmed the denial of his first rule 3.850 motion following an evidentiary hearing. Blanco v. Wainwright, 507 So.2d 1377 (Fla.1987). A federal district court subsequently vacated the death sentence due to ineffectiveness of penalty-phase counsel and remanded for a new penalty-phase trial. Blanco v. Dugger, 691 F.Supp. 308 (S.D.Fla. 1988).[2]
During the pendency of the resentencing proceeding, Blanco filed his second (the present) rule 3.850 motion, seeking to present newly discovered evidence. The trial court held an evidentiary hearing on February 24, 1994, and Blanco advanced the theory that another man, Enrique Gonzales, was the killer. Blanco presented two witnesses. Carmen Congora testified that on the night of the murder she saw Gonzales wearing a bloody shirt. She also stated, however, that she lives in a home for the mentally impaired, is easily confused, and did not remember the day or the year she saw the bloody shirt. The second witness, Roberto Alonso, testified that on the night of the murder he rode bicycles with Blanco and that Gonzales came in later wearing a bloody shirt. Alonso also admitted, however, that he has a criminal record, was currently in prison for murdering someone with a machete, and had seen Blanco while in prison.
Blanco additionally introduced a statement by his mother, Zenaida, who lives in Cuba, wherein she said that a woman named Mamita told her that Enrique Gonzales told Mamita in prison that he did the killing. Blanco introduced two letters, one by Mamita and one by Julio Guerra, saying that Gonzales was the killer. The State, on the other hand, presented three witnesses who had known Blanco while in jail and to whom Blanco had made incriminating statements. Finally, Thalia Vesos, the adolescent girl who had confronted the killer in her bedroom seconds before the shooting, was shown photographs of both Blanco and Gonzales and testified unequivocally that Blanco and not Gonzales was the man she had seen.
The court found that "the testimony of Carmen Congora and Roberto Alonzo is not worthy of belief," and denied Blanco's second 3.850 motion on April 27, 1994; Blanco appealed that order on May 25, 1994; and we held that appeal in abeyance pending the outcome of the resentencing proceeding. Jury selection for resentencing commenced April 18, 1994, and Blanco filed a motion to disqualify the judge September 29, 1994, alleging that Judge Goldstein had been an Assistant State Attorney in Broward County at the time of Blanco's trial and that the present prosecutor, Michael Satz, had been his boss. The court denied the motion as legally insufficient on October 28, 1994.[3]
Blanco was again sentenced to death January 6, 1995, and his sentence was affirmed. *1252 See Blanco v. State, No. 85,118, ___ So.2d ___ (Fla. Sept. 18, 1997). We have before us in the present proceeding Blanco's appeal of the denial of his second rule 3.850 motion. Blanco raises two issues.[4]
Blanco first claims that the court erred in denying the present rule 3.850 motion. We disagree. The relevant trial court standards are as follows. First, to qualify as newly discovered evidence, "the asserted facts `must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known them by the use of diligence.'"[5] Second, to prompt a new trial, "the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial."[6]
In reviewing a trial court's application of the above law to a rule 3.850 motion following an evidentiary hearing, this Court applies the following standard of review: As long as the trial court's findings are supported by competent substantial evidence, "this Court will not `substitute its judgment for that of the trial court on questions of fact, likewise of the credibility of the witnesses as well as the weight to be given to the evidence by the trial court.'"[7]
In the present case, the trial court made the following findings:
First, this Court finds that the testimony of Carmen Congora and Roberto Alonzo is not worthy of belief and qualifies as newly discovered evidence only in the sense that the testimony presented was made up by Carmen Congora and Roberto Alonzo after Omar Blanco's trial. I therefore find that their testimony does not qualify as newly discovered evidence.
Second, assuming arguendo, that their testimony qualifies as newly discovered evidence, based on the fact that I have found it unworthy of belief and totally inconsistent with the evidence at trial, I find that there is no probability that their testimony would result in Mr. Blanco's acquittal.
Third, this Court finds that the letters from Cuba stating that Enrique Gonzalez confessed to the murder of John Ryan would not be admissible in a retrial of Mr. Blanco.
Fourth, again assuming arguendo, that the letters would be admissible in a retrial of Mr. Blanco, I find that even with their submission to a jury, there is no probability that it would result in an acquittal of Mr. Blanco, considering all of the testimony at the trial and the testimony of Thalia Vezos at the 3.850 hearing that Enrique Gonzalez, specifically, was not the person who committed the crime.
The record shows that the trial court properly applied the above law, and its findings are supported by competent substantial evidence. Consequently, we are precluded from substituting our judgment for that of the trial court on this matter. See Demps v. State, 462 So.2d 1074 (Fla.1984). We find no error.
Blanco's second claim, i.e., that the trial court erred in denying his motion to recuse the judge, is procedurally barred. See Fla. R.Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence.").[8]
We affirm the denial of Blanco's second rule 3.850 motion.
It is so ordered.
KOGAN, C.J., and OVERTON, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Fla. R.Crim. P. 3.850.
[2] The federal circuit court affirmed. Blanco v. Singletary, 943 F.2d 1477 (11th Cir.1991).
[3] The district court subsequently denied without published opinion Blanco's petition for writ of prohibition concerning that ruling.
[4] Blanco claims that the trial court erred in the following matters: 1) Newly discovered evidence shows that Blanco is entitled to a new trial; and 2) the court erred in denying his motion for disqualification of the judge.
[5] Jones v. State, 591 So.2d 911, 916 (Fla.1991) (quoting Hallman v. State, 371 So.2d 482, 485 (Fla.1979)).
[6] Jones, 591 So.2d at 915.
[7] Demps v. State, 462 So.2d 1074, 1075 (Fla. 1984) (quoting Goldfarb v. Robertson, 82 So.2d 504, 506 (Fla.1955)).
[8] Furthermore, if we were to address the motion for recusal on the merits, we would find no error on these facts.