708 So.2d 249 (1997)
Martin GROSSMAN, Petitioner,
v.
Richard L. DUGGER, etc., et al., Respondents.
Martin GROSSMAN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 75738, 87121.
Supreme Court of Florida.
December 18, 1997.
Rehearing Denied February 26, 1998.
*250 Robert L. Parks of Haggard, Parks & Stone, P.A., Coral Gables; Gail E. Anderson, Assistant CCR, Office of CCRC-Northern Region, Tallahassee; and Terri L. Backhus and John W. Moser, CCRC-Middle Region, Tampa, for Petitioner/Appellant.
Robert A. Butterworth, Attorney General, and Carol M. Dittmar, Assistant Attorney General, Tampa, for Respondent/Appellee.
PER CURIAM.
Martin Grossman appeals an order of the trial court denying relief under Florida Rule of Criminal Procedure 3.850 and petitions this Court for a writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(1, 9), Fla. Const. We affirm the denial of rule 3.850 relief and deny the writ.
The facts of this case are set out fully in our opinion on direct appeal. See Grossman v. State, 525 So.2d 833 (Fla.1988). Martin Grossman and a friend were firing a stolen handgun in a wooded area of Pinellas County during the night of December 13, 1984, when wildlife officer Peggy Park happened on the scene. Although Grossman begged her not to report him because he was on probation and would be sent back to prison, Park nevertheless began to call in a report. Grossman then struggled with her, beat her with her flashlight, and shot her in the back of the head with her gun. Grossman was arrested, was charged with first-degree murder, gave numerous incriminating statements, was convicted, and was sentenced to death pursuant to the jury's unanimous recommendation. The court imposed a sentence of death based on four aggravating circumstances[1] and no mitigating circumstances. We affirmed.
Before Grossman filed any postconviction motions, Governor Martinez signed a death warrant in March 1990, and Grossman filed a petition for a writ of habeas corpus in this Court. We granted a stay of execution to allow Grossman an opportunity to seek postconviction relief. He filed a rule 3.850 motion in the trial court in August 1990 and at the same time filed an amended habeas petition in this Court. The trial court denied the rule 3.850 motion following an evidentiary hearing, and Grossman now appeals that denial.[2] He also seeks relief under his pending habeas petition.[3]

I. RULE 3.850 MOTION
Grossman first claims that trial counsel provided ineffective representation during the penalty phase of the trial. We disagree. This Court set out the standard for reviewing such claims following an evidentiary hearing in Blanco v. State, 702 So.2d 1250 (Fla.1997):
In reviewing a trial court's application of the [relevant] law to a rule 3.850 motion following an evidentiary hearing, this Court applies the following standard of review: As long as the trial court's findings are supported by competent substantial evidence, "this Court will not `substitute its judgment for that of the trial court on questions of fact, likewise of the credibility of the witnesses as well as the weight to be given to the evidence by the trial court.'" *251 Id. at 1252 (quoting Demps v. State, 462 So.2d 1074, 1075 (Fla.1984)). In the present case, the trial court addressed this first claim at length and concluded:
The Court has weighed all the above matters in light of Strickland v. Washington, 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984). The Defendant has failed to make the required showing of either deficient performance or sufficient prejudice to support his ineffectiveness claim.
The Court has evaluated the conduct of the Defendant's counsel from counsel's perspective at the time of the trial. Defendant introduced thirty-three affidavits that were represented as possible mitigation witnesses that were available a the time of trial but were not used by the defense. Several of the possible witnesses represented by the affidavits were known to the defense, and the defense had determined not to use them.
Defense counsel, Mr. McCoun, at the time of trial recognized that while trying to present a favorable picture of the Defendant, equally negative things would also be presented. Mr. McCoun did not want to use witnesses who would say that the Defendant was into stealing and heavy drug use. Moreover, defense counsel called three mitigating witnesses in addition to the Defendant's mother. The mitigating witnesses that were called had close contact with the defendant near the time that he committed the crime; whereas, many of the potential witnesses that were represented by the affidavits had not seen the Defendant in years.
The Court finds that Mr. McCoun did a competent, effective job of representing the Defendant at all phases of the trial. Even if counsel were deemed ineffective for the reasons stated by the Defendant, such alleged ineffectiveness did not come close to being so prejudicial to the Defendant that it affected the outcome of the case. The facts of this case showed the Defendant's conduct to be so egregious that proof of mitigating circumstances was extremely difficult.
The trial court applied the right rule of law governing ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),[4] and competent substantial evidence supports its finding. We find no error.
Grossman next claims that the State withheld material exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We disagree. In addressing this claim, the trial court noted:
Defendant says that the state withheld material, exculpatory evidence in violation of due process under Brady v. Maryland, 373 U.S. 83 [83 S.Ct. 1194, 10 L.Ed.2d 215] (1963), and the Eighth Amendment to the United States Constitution. This claim relates to information that Defendant says the State failed to disclose with respect to three of the witnesses at Defendant's trial: Charles Brewer, Brian Hancock, and Brian Allan. The greater weight of the evidence refutes this claim.
The court then addressed each aspect of this claim at length and concluded: "For the foregoing reason, there is no basis to the Defendant's allegations that the State withheld material, exculpatory evidence from the defense; therefore, [this] ground has no merit." The trial court applied the right rule of law governing the withholding of evidence under Brady,[5] and competent substantial evidence supports its findings. We find no error.
Grossman claims that inmate Charles Brewer, who testified for the State, was acting as a State agent when he procured incriminating information from Grossman. The trial court addressed this claim:
Defendant states that Charles Brewer, a trusty at the Pinellas County jail while Defendant was being held there awaiting trial, was a state agent, and the State withheld this fact along with an agreement that Mr. Brewer had reached with prosecutors regarding charges that were pending *252 against Mr. Brewer. Mr. Brewer testified that he had his brother contact law enforcement after he heard Defendant discussing the case. Mr. Brewer said that he talked to the homicide detectives only one time and that was when they took his taped statement.
Detective Robert Rhodes testified that he taped Mr. Brewer's statement on July 25, 1985, and that was the only time he ever met with Mr. Brewer. The State did not make any deals with Mr. Brewer in exchange for the statement, and Detective Rhodes did not suggest questions for Mr. Brewer to ask the Defendant or ask Mr. Brewer to be an agent for the State.
The State Attorney, Bernie McCabe, testified that he interviewed Mr. Brewer at the State Attorney's Office prior to the trial and that he emphasized to Mr. Brewer that there were no deals in exchange for Mr. brewer's testimony. Defendant's claim that Mr. Brewer was a state agent at the time that he discussed the Peggy Park murder with Defendant and that the State struck a deal with Mr. Brewer in exchange for his testimony is without merit.
Competent substantial evidence in the record supports the trial court's finding that Brewer was not a State agent. We find no error.
Grossman claims that trial counsel provided ineffective representation during the guilt phase of the trial. We disagree. The trial court stated:
[T]he Defendant claims that he was denied the effective assistance of counsel at the guilt phase of his trial by the failure of his counsel to move for change of venue or for individual and sequestered voir dire, by the failure to adequately cross examine crucial state witnesses, and by the failure to move for severance pursuant to Rule 3.152(b)(2), Florida Rules of Criminal Procedure.
The court then addressed each aspect of this claim at length, concluding: "Defendant's claim that he had ineffective assistance of counsel during the guilt phase of his trial is without merit." The record shows that the trial court's conclusion is supported by competent substantial evidence. We find no error.
Grossman claimed in his 3.850 motion before the trial court that trial counsel failed to investigate Grossman's history of mental problems and thus did not provide sufficient background information to the defense mental health expert, Dr. Merin. Grossman now claims that the trial court erred in failing to address this issue during the evidentiary hearing. We disagree. In its order granting an evidentiary hearing on certain issues (but denying it on this issue), the trial court addressed this issue at length, concluding:
Defendant's claim is without merit as it fails the second prong of Strickland, as there has been no showing that but for such claimed ineffectiveness, the outcome probably would have been different. Furthermore, this Court concludes the jury would not have been persuaded to arrive at a different result, nor would this Court have been persuaded to reach a different result, assuming the substance of Defendant's allegations had been introduced into evidence.
Competent substantial evidence supports the trial court's finding. We find no error. We find the remainder of Grossman's rule 3.850 claims to be procedurally barred.[6]

II. HABEAS CORPUS
Grossman claims as his first issue in his habeas petition that appellate counsel provided ineffective representation in a number of ways. (A) He claims that appellate counsel should have argued that the trial court's sentencing order was insufficiently specific. A review of the order, however, shows that it comports with the law that was in effect at that time. (B) He asserts that appellate counsel should have claimed prosecutorial misconduct. This issue was not preserved since trial counsel failed to object to the allegedly improper statements. (C) He asserts that appellate counsel should have argued more convincingly that Florida's capital sentencing statute is unconstitutional. This claim is procedurally barredit was raised on direct appeal. (D) He asserts that *253 appellate counsel should have argued that the death penalty is imposed in an arbitrary fashion. This claim is procedurally barred it was raised on direct appeal. (E) He claims that appellate counsel should have argued that the HAC instruction was vague. This issue was not preserved. Although trial counsel objected on vagueness grounds to the HAC aggravating circumstance pretrial, he did not object to the proposed instruction at trial except on the ground that the evidence did not support it; nor did he propose an alternative instruction. Appellate counsel cannot be faulted. Ferguson v. Singletary, 632 So.2d 53 (Fla.1993).(F) Grossman claims that appellate counsel should have argued that codefendant Taylor's acquittal of first-degree felony murder precluded such a conviction for Grossman (and precluded application of the felony murder aggravating circumstance to Grossman) since Taylor was more guilty than Grossman. This issue has already been decided adversely to the defendant. Eaton v. State, 438 So.2d 822 (Fla. 1983).(G) He claims that appellate counsel should have argued that the trial court failed to hold a hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971). The record, however, shows that defense counsel never claimed that a discovery violation took place and never requested a hearing. (H) He claims that appellate counsel should have argued more convincingly that the trial court erred in failing to grant a severance. This issue is procedurally barredit was raised on appeal. We find no merit to Grossman's ineffectiveness claim.
Grossman next claims that recent federal court decisions have rendered meritorious his claim under Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). This argument has already been decided adversely to the defendant. See, e.g., Johnson v. State, 660 So.2d 637 (Fla.1995). Grossman also claims that recent decisions of this court warrant relief. Our decision in Campbell v. State, 571 So.2d 415 (Fla.1990), however, is not retroactive. See Turner v. Dugger, 614 So.2d 1075 (Fla.1992). Our decisions in Porter v. State, 564 So.2d 1060 (Fla.1990), Hallman v. State, 560 So.2d 223 (Fla.1990), and Brown v. State, 526 So.2d 903 (Fla.1988), inaugurated no fundamental changes in death penalty jurisprudence. See generally Witt v. State, 387 So.2d 922 (Fla.1980). We find no merit to these claims.
Based on the foregoing, we affirm the denial of Grossman's rule 3.850 motion, and we deny his petition for writ of habeas corpus.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING and WELLS, JJ., and GRIMES, Senior Justice, concur.
ANSTEAD, J., concurs in result only.
NOTES
[1] The court found that the murder was committed: pursuant to a robbery or burglary; to avoid arrest; to hinder enforcement of the laws; and in a heinous, atrocious, or cruel (HAC) manner. The court counted the second and third circumstances as one.
[2] Grossman raises ten issues, claiming error on the following points: (1) ineffective assistance of counsel at the penalty phase; (2) Brady violations; (3) witness Brewer was a State agent; (4) ineffective assistance of counsel at the guilt phase; (5) ineffective assistance of counsel in procuring a mental health exam; (6) faulty HAC instruction; (7) trial counsel had a conflict of interest; (8) the defendant was not present at all critical stages; (9) prosecutorial misconduct; and (10) improper weighing of aggravating and mitigating circumstances.
[3] Grossman raises three issues, claiming error on the following points: (1) ineffective assistance of appellate counsel; (2) Caldwell error; and (3) recent decisions of this Court.
[4] See, e.g., Kennedy v. State, 547 So.2d 912 (Fla. 1989).
[5] See, e.g., Hegwood v. State, 575 So.2d 170 (Fla. 1991).
[6] Issues 6-10 are procedurally barred.