715 So.2d 1135 (1998)
J.R.V., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3220.
District Court of Appeal of Florida, Fifth District.
August 21, 1998.
*1136 James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
DAUKSCH, Judge.
Appellant, J.R.V., a child, timely appeals an order of delinquency and an order denying his motion to withdraw his plea.
Appellant was charged by a petition for delinquency with two counts of aggravated assault with a deadly weapon and one count of improper exhibition of a dangerous weapon or firearm. An arraignment hearing was held during which the trial court advised appellant and the other juveniles being arraigned that:
You have the right to have a lawyer represent you in defending you against this charge. And if you cannot afford a lawyer, you have the right to request that the Court consider the appointment of a public defender.
* * * * * *
You have the right to discuss this matter with a lawyer before entering any plea....
* * * * * *
If you enter a plea of guilty, you will be telling me that you understand the charge. You will be telling me that you admit the charge. You will be telling me that you wish to give up your right to have a trial. That you wish to give up your right to have a lawyer represent you here today. That you wish to give up your right to appeal the facts of this case unless you specifically reserved your right to appeal a pretrial matter. That you are entering the plea freely and voluntarily. That no one has forced you, threatened you or made you any promises in order to get you to enter this plea. And that you are entering the plea in order to resolve the matter here this afternoon. If I accept your plea of guilty, I may enter judgment and I may impose disposition or sentence immediately.
Appellant informed the trial court that he wished to plead guilty to the charges of aggravated assault with a deadly weapon and not guilty to the offense of improper exhibition of a dangerous weapon or firearm. The prosecutor agreed to nolle pross the latter offense.
The trial court said that it would need to review the law enforcement officer's charging affidavit to determine whether there were sufficient facts for appellee to have filed a petition for delinquency against appellant. Following a pause, the court found that there was probable cause for appellee to have filed the petition.
The following colloquy then occurred between appellant and the trial court:
THE COURT: ...

*1137 Did you hear the arraignment speech that I gave when I first came out?
THE CHILD: (No verbal response)
THE COURT: You have to say yes or no.
THE CHILD: Yes.
THE COURT: Okay. You have to say yes or no.
THE CHILD: Yes.
THE COURT: And did you hear and do you understand the Constitutional rights that you're giving up and waiving by entering this plea?
THE CHILD: Yes.
THE COURT: Do you also understand you're at some disadvantage this afternoon because you're without a lawyer. That if you wanted a lawyer, I would consider appointing one for you. Do you understand that?
THE CHILD: Yes.
THE COURT: Do you wish to give up that right and go forward with your plea of guilty to these two counts?
THE CHILD: Yes.
THE COURT: Are you entering that plea freely and voluntarily?
THE CHILD: Yes.
THE COURT: Has anybody forced you, coerced you, made you any promises in order to get you to enter this plea?
THE CHILD: No.
THE COURT: Are you presently under the influence of any drugs or alcohol?
THE CHILD: No.
THE COURT: Do you have any mental or emotional disabilities?
THE CHILD: No.
THE COURT: Court finds that you're alert and intelligent. You've entered this plea freely and voluntarily. There is a factual basis for the Court's acceptance of the plea found in the sworn affidavit of the law enforcement officer contained within the court file. Court does accept your plea of guilty to these charges.
Appellant asked if he could get out of detention before Monday because of his job. The trial court responded that he could not get out until his trial date.
Appellant's predisposition report indicates that in 1991, at the age of eleven, he was in a coma for three weeks "after being with his father while his father was driving, in a high-speed chase with the police." A letter to the trial court from appellant's aunt, an attorney in California, also reads as follows:
John suffers from dyslexia, lack of impulse control, and was in a severe car accident in 1991 at age 11. (a passenger with older "friends") As a result of the impact, he was in a coma for 9 days and had to re-learn how to walk/talk etc. He had extensive speech therapy, physical therapy and psychotherapy to bring him close to an age appropriate level of behavior. We were told by Dysthymic Brain Disorder. Eventually, he[sic] went back to school. However, he never did recover fully. His intelligence is borderline at the very best. He does not know how to read or write well (second grade level?)
The trial court found that appellant was indigent and appointed the public defender to represent him. The public defender filed a motion to withdraw appellant's plea in which he alleged the following:
COMES NOW, the Child, pursuant to FLCP 3.170(f) the Child by and through his undersigned attorney, moves this Honorable Court to enter its Order granting this Motion to allow the Child to withdraw his guilty plea, and as grounds therefore would state:
1. That the Child pled guilty to two counts of Aggravated Assault with a Deadly Weapon, and one count of Improper Exhibition of a Weapon or Firearm on September 19, 1997.
2. That the Child entered this guilty plea without assistance of legal counsel and without the presence of any parent or guardian.
3. That according to the Child's father, Roberto Valle, and the Child's aunt, Angelina Valle, Esq., Attorney-at-Law in San Jose, Ca., the Child suffered from dysthymic brain disorder since birth, and in 1991 suffered brain damage from an auto accident and was comatose for 9 days.

*1138 4. That since this auto accident in 1991, the Child has received intensive physical therpy [sic], speech therapy and psychotherapy to restore age appropriate behavior, but presently, the Child is unable to read and write.
5. That the Child has been a ward of the California Juvenile Court since age 13.
6. That according to the Child's father, Mr. Valle, and the Child's aunt, Attorney Angelica Valle, the Child is currently disoriented and depressed.
7. That the Child's father and aunt believe that the Child entered his guilty pleas, on September 19, 1997, under mental weakness, due to the Child's brain disorder and emotional mental and physical impairments both congenital and caused by the brain damage suffered and that these impairments affected the Child's understanding of the rights the Child was waiving on September 19, 1997.
8. That interests of justice would best be served by permitting the Child to withdraw his guilty plea and then proceeding with a trial on the merits of the case, at a time to be determined by the court and with assistane [sic] of legal counsel.
A hearing was held on appellant's motion to withdraw his plea. Appellant repeatedly testified that the reason he entered a plea is because he thought he would get out of detention. Asked whether he understood the plea hearing proceedings, he consistently and equivocally replied by saying "Not really." Dr. Louis Damis testified that appellant's entry of a plea was based upon his erroneous perception that he would be released if he did so rather than upon an understanding of the offenses to which he was pleading and the consequences for entering the plea. He testified that appellant had brain damage which accounted for a documented learning and understanding deficit and a "pervasive history of impulse control problems." In fact, his language skills were at a first or second grade level. According to Damis, appellant had not entered his plea freely and intelligently.
At the conclusion of the hearing, the trial court denied appellant's motion to withdraw his plea. It found that appellant had entered his plea so he would be released from detention and that he had moved to withdraw his plea because he had been disappointed when he was not released. The court also found that appellant had "answered all of the appropriate questions in the [plea] colloquy satisfactorily." Accordingly, the court adjudicated appellant to be delinquent and placed him on community control "via/SC with California."[1]
Appellant's argument on appeal is twofold. He contends first that he was denied his right to assistance of counsel when he entered his plea because the trial court failed to adequately advise him of his right and because it failed to determine whether he had freely and intelligently waived the right. This issue is not preserved for review for several reasons. First, appellant did not raise the issue at the plea hearing or at the hearing on his motion to withdraw his plea. This is evident in the trial court's factual findings at the conclusion of the latter hearing. Nowhere in the court's findings is appellant's right to assistance of counsel mentioned because he did not raise the issue at the hearing. Not once during her closing argument did defense counsel mention the issue. Because the trial court was not apprised of the argument below, the issue is precluded from appellate review. See Latiif v. State, 711 So.2d 241 (Fla. 5th DCA 1998); § 924.051(1)(b), Fla. Stat. (1996 Supp.). See also Hart v. State, 710 So.2d 1047 (Fla. 3d DCA 1998). Second, appellant, then represented by counsel, did not move to withdraw his plea because he was denied his right to assistance of counsel. Allegations two and eight of his motion merely say that he entered a plea without counsel; they do not say that his right to assistance of counsel was violated or that he was denied the right when entering his plea. It is well established that an issue is not cognizable for appellate review where the argument on appeal differs from that raised below. See San Martin v. State, 705 So.2d 1337 (Fla.1997); Terry v. *1139 State, 668 So.2d 954 (Fla.1996). See also Grossman v. Dugger, 708 So.2d 249 (Fla. 1997); Phillips v. State, 705 So.2d 1320 (Fla. 1997). Finally, the record contains a written waiver of appellant's right to assistance of counsel.
Notwithstanding appellant's failure to preserve this issue for review, we reverse the trial court's order of delinquency and order denying his motion to withdraw his plea based upon fundamental error. It is well established that a juvenile has a right to assistance of counsel in delinquency proceedings. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). See McKeiver v. Pennsylvania, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971); State v. D.H., 340 So.2d 1163 (Fla.1976); E.V.R. v. State, 342 So.2d 93 (Fla. 3d DCA 1977). Denial of the right to assistance of counsel is fundamental error. See Tyler v. State, 710 So.2d 645 (Fla. 4th DCA 1998).
Florida Rules of Juvenile Procedure 8.165(b)(2) & (3) provide the following:
Rule 8.165 Providing Counsel to Parties
(b) Waiver of Counsel.
* * * * * *
(2) A child shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into the child's comprehension of that offer and the capacity to make that choice intelligently and understandingly has been made.
(3) No waiver shall be accepted where it appears that the party is unable to make an intelligent and understanding choice because of mental condition, age, education, experience, the nature or complexity of the case, or other factors.
There is no evidence in the plea hearing transcript that the trial court's inquiry of appellant delved into, let alone thoroughly delved into, the factors set forth in subsection three of rule 8.165. Rather, appellant was afforded nothing more than the mere opportunity to answer yes or no to each of the court's questions. However, his diminished mental capacity and ability are evidenced in the transcript of the hearing on his motion to withdraw his plea. Contrary to the plea hearing, appellant's confusion and basic lack of understanding regarding the nature of the criminal charges against him and the consequences for entering a plea are readily apparent. Accordingly, the orders appealed should be reversed and the cause remanded to the trial court with directions to 1) advise appellant of his right to assistance of counsel; 2) if waived, ensure by a "`thorough inquiry'" that the waiver is free and intelligent; and 3) afford appellant an opportunity to enter a new plea to the charges in the petition. See N.R.L. v. State, 684 So.2d 299, 300 (Fla. 5th DCA 1996); J.H. v. State, 679 So.2d 67 (Fla. 5th DCA 1996); In Interest of D.L.A., 667 So.2d 330, 331 (Fla. 1st DCA 1995).
Appellant contends secondly that the trial court erred by failing to determine that he entered his plea freely and intelligently because it failed to determine a factual basis for the plea and because it failed to apprise him of the consequences of entering a guilty plea.[2] Regarding the latter allegation, he contends that the trial court specifically failed to tell him that he could be placed on community control or that he could be held for extradition.
This issue, as with the previous issue, has not been preserved for review. Because appellant is now raising the issue for the first time on appeal, it is precluded from appellate review.
ORDERS REVERSED; CAUSE REMANDED.
HARRIS and PETERSON, JJ., concur.
NOTES
[1] The record shows that appellant had previously been on community control in California and that he had left the state before completing the program.
[2] Appellee concedes that the trial court did not apprise appellant of the maximum penalty for the offenses before he entered his plea.