WEBSTER, J.
Appellant seeks review of an order denying his motion requesting postconviction relief because of allegedly newly discovered evidence, pursuant to Florida Rule of Criminal Procedure 3.850. Because we conclude that the trial court correctly held that the allegations were legally insufficient to establish that the alleged newly discovered evidence was of such a nature that it would probably produce an acquittal on retrial, we affirm.
The alleged newly discovered evidence consisted of affidavits from two individuals who claimed to have overheard a conversation between the child victim of the sexual batteries for which appellant was convicted and the child’s mother roughly a year after appellant’s trial. The information would clearly constitute inadmissible hearsay. It is also most unlikely that the information could be used for impeachment purposes because it relates to a collateral matter. Finally, even if it were admissible on some theory, the information regarding the alleged conversation is, at best, equivocal.
To demonstrate entitlement to a new trial in a rule 3.850 motion, the mov-ant must establish, among other things, that “the newly discovered evidence [is] of such nature that it would probably produce an acquittal on retrial.” Jones v. State, 591 So.2d 911, 915 (Fla.1991) (emphasis in original). Accord Robinson v. State, 770 So.2d 1167, 1170 (Fla.2000); Jones v. State, 709 So.2d 512, 521 (Fla.1998); Blanco v. State, 702 So.2d 1250, 1252 (Fla.1997). Given the nature of the alleged newly discovered evidence as set out in appellant’s motion, we agree with the trial court that the motion was legally insufficient to satisfy this requirement. Accordingly, we affirm.
AFFIRMED.
ALLEN, C.J., CONCURS; WOLF, J., DISSENTS WITH WRITTEN OPINION.