SILBERMAN, Judge.
Daniel Gallegos appeals the trial court’s order denying his motion for postconviction relief. In his motion, Gallegos claimed that his trial counsel had an impermissible conflict of interest and that, as *904 a result, his conviction should be vacated. Because there was no showing that a conflict adversely affected the performance of Gallegos’s attorney, we affirm.
Gallegos’s attorney represented him on charges of trafficking in cocaine and possession of drag paraphernalia. Gallegos ultimately pleaded nolo contendere to the charges. In his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, Gallegos claimed that his attorney or his attorney’s law firm also represented the confidential informant who had purchased cocaine from Gallegos, creating a conflict of interest. The informant’s purchase led to the arrest and charges against Gallegos. Gallegos asserted that the conflict was not disclosed to him, the conflict prohibited him from freely, voluntarily, knowingly, and intelligently entering his plea, and the conflict required his conviction to be vacated.
The trial court conducted an evidentiary hearing on the motion. The record reflects that Gallegos’s attorney began representing Gallegos in January 1998. The attorney was with the law firm that previously represented the confidential informant, and he acknowledged that his name was on two notices of appearance that were filed in criminal cases pending against the informant in 1996 and 1997. The attorney testified that his partner actually handled the representation of the informant.
Several months after the attorney began representing Gallegos, the attorney learned through discovery the identity of the confidential informant. The attorney testified that he and his partner discussed with Gallegos the conflict arising due to the representation of the informant and the potential impact of the conflict. Gallegos wanted the attorney to continue representing him.
The partner of Gallegos’s attorney also testified. He indicated that the law firm’s representation of Gallegos occurred after the representation of the informant had terminated. He confirmed that the conflict was discussed with Gallegos.
The trial court denied Gallegos’s motion for postconviction relief and made several findings: Gallegos was advised of the conflict; he received the benefit of a well-negotiated plea; his sentence was just four months greater than the minimum permissible sentence; and the conflict of interest did not affect his attorney’s representation.
“To prove an ineffectiveness of counsel claim premised on an alleged conflict of interest, the defendant must ‘establish that an actual conflict of interest adversely affected his lawyer’s performance.’ ” Herring v. State, 730 So.2d 1264, 1267 (Fla.1998) (quoting Cuyler v. Sullivan, 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)). The court in Herring also noted that “[t]o demonstrate an actual conflict, the defendant must identify specific evidence in the record that suggests that his or her interests were impaired or compromised for the benefit of the attorney or another party.” Herring, 730 So.2d at 1267.
The record does not support Gallegos’s claim that his attorney’s performance was adversely affected by the alleged conflict of interest. Gallegos was informed about the conflict and its potential impact, and he wanted the attorney to continue with his representation. The attorney investigated and discussed the case with Gallegos. Gallegos was thoroughly and actively involved in the defense of his case, and he entered a best interests plea to the charges. During the evidentiary hearing on the postconviction motion, Gallegos raised questions as to his attorney’s efforts, but there was no showing that Galle *905 gos’s interests were impaired or compromised.
The trial court’s finding that the attorney’s efforts were not adversely affected by the conflict is supported by competent, substantial evidence. We cannot substitute our judgment for the trial court’s judgment on questions of fact, the credibility of the witnesses, or the weight to be given to the evidence. See Blanco v. State, 702 So.2d 1250, 1252 (Fla.1997). Gallegos did not establish his entitlement to post-conviction relief; therefore, we affirm the order of the trial court.
Affirmed.
BLUE, C.J., and GREEN, J., Concur.