ROTHENBERG, Judge.
On November 5, 2002, the defendant, Carlton Eugene Grant, entered into a negotiated plea with the State and was convicted and sentenced to fifteen years incarceration for the offenses of armed kidnapping, armed robbery, armed burglary with an assault, unlawful possession of a firearm by a convicted felon, and aggravated battery. His plea provided that the sentence imposed was to run consecutive to his twenty-five year federal sentence. Since entering his plea, the defendant has filed three postconviction motions: (1) a motion to withdraw his plea on November 26, 2002; (2) a motion to mitigate his sentence on October 26, 2003; and (3) a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, alleging ineffective assistance of counsel on December 22, 2003. All motions were denied. The defendant appeals the order denying his motion for postconviction relief, entered after an evidentiary hearing. We affirm.
The defendant claims that his trial counsel provided ineffective assistance of counsel by failing to preserve for appeal the trial court’s denial of his motion to suppress, and that his plea was involuntary as his counsel failed to advise him that by entering his plea of guilty to the charges, he would be giving up his right to appeal the denial of his motion to suppress.
The State and the trial court properly recognized that an evidentiary hearing was required. Thus, the trial court conducted a two-day hearing at which both the defendant and his trial attorney testified. After considering the conflicting testimony of the witnesses, the plea colloquy, and other evidence, the trial court denied the motion, finding that the defendant’s testimony, in light of the other evidence, was not credible.
It is well-settled law that an appellate court will not “ ‘substitute its judgment for that of the trial court on ques *938 tions of fact, likewise of the credibility of the witnesses as well as the weight to be given to the evidence by the trial court,’ ” if the findings of fact are supported by competent substantial evidence. Blanco v. State, 702 So.2d 1250, 1252 (Fla.1997) (quoting Demps v. State, 462 So.2d 1074, 1075 (Fla.1984)) (quoting Goldfarb v. Robertson, 82 So.2d 504, 506 (Fla.1955)); Melendez v. State, 718 So.2d 746 (Fla.1998). As we conclude that there was ample evidence to support the trial court’s findings, we affirm.
Approximately thirty days prior to the defendant entering his plea of guilty to the charges, his motion to suppress was litigated and subsequently denied by the trial court. It is undisputed that after the motion was denied, the defendant and his trial attorney discussed that the denial of the motion would be appealed. It is also undisputed that at the time of these discussions, the defendant was adamant about proceeding to trial and both he and his attorney were prepared and expecting to try the case. On the morning of the trial, however, the State offered the defendant a plea which he accepted after extensive consultation with his attorney.
The defendant alleges that when he accepted the plea, he did so with the under-1 standing that his lawyer would appeal the denial of his motion to suppress. His trial attorney, however, testified at the eviden-tiary hearing that, when he discussed the plea offer with the defendant, he specifically went over the plea colloquy with him and explained that by entering a plea of guilty, he would be waiving his right to appeal. In light of the plea colloquy which reflects that the trial court specifically advised the defendant of the constitutional rights he was waiving by accepting the plea, which included his right to appeal, and the inconsistencies in the defendant’s own testimony, we find that there was sufficient factual support for the trial court’s conclusions. Additionally, we note that the plea colloquy reflects that the defendant admitted that he was pleading guilty because he was in fact guilty of the charges and that no other promises were made to him. The defendant, in fact, asked for, and was granted, an opportunity of addressing the victim, to apologize. The defendant explained to the victim that he had waited for “four long years” to ask for her forgiveness, and that while he had been “living in a life of sin and wickedness” and “was a robber, a thief, a liar” that he found God and was going to be a better person.
We also conclude that the trial court’s denial of the defendant’s motion for postconviction relief on ineffective assistance of counsel grounds was appropriate, as the defendant did not satisfy his burden under Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires the defendant to demonstrate that counsel was not functioning as guaranteed by the Sixth Amendment, and that the defendant was prejudiced by showing that there is a reasonable probability that, but for counsel’s deficiency, the result of the proceeding would have been different, and Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), which clarified the two-prong test for determining claims of ineffective assistance of counsel regarding guilty pleas (requiring that the defendant must demonstrate deficient performance of counsel and demonstrate a reasonable probability that, but for counsel’s deficiency, the defendant would not have pled guilty and would have insisted on proceeding to trial). See also Grosvenor v. State, 874 So.2d 1176, 1181-82 (Fla.2004) (holding that “a court should consider the totality of the circumstances surrounding the plea, including such factors as whether a *939 particular defense was likely to succeed at trial, the colloquy between the defendant and the trial court at the time of the plea, and the difference between the sentence imposed under the plea and the maximum possible sentence the defendant faced at trial”).
The record reflects that under the recommended guidelines, the defendant scored 18.23 years to 30.39 years incarceration, and that he was potentially facing life sentences on three of the charges. The defendant, however, was sentenced below the guidelines based upon his negotiated plea, to fifteen years. Additionally, the defendant’s trial counsel testified that the motion to suppress was not dispositive and that there was sufficient evidence to convict the defendant even if the evidence had been suppressed. This record evidence, therefore, additionally supports a finding that the defendant did not satisfy his burden of demonstrating that he would have proceeded to trial had he understood that by entering his plea of guilty, he could not appeal the denial of his motion to suppress.
Affirmed.