PER CURIAM.
This is an appeal of the denial of a motion for postconviction relief after an evidentiary hearing. We affirm.
This postconviction proceeding was remanded by the Florida Supreme Court for an evidentiary hearing. McLin v. State, 827 So.2d 948, 958-59 (Fla.2002). Defendant-appellant McLin had filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, alleging newly discovered evidence based upon recanted testimony of a witness, Jose Salda-na. Id. at 950-51. The Saldana affidavit is quoted in the Supreme Court’s opinion. Id. at 951. The court concluded that the *1124 defendant was entitled to an evidentiary-hearing and remanded for that purpose.
On remand the motion came before a successor judge. The successor judge conducted a two-day evidentiary hearing at which she heard testimony from Mr. Sal-dana and from Detective Bogen, the lead detective on the case. The court also reviewed the trial transcript and the transcript of an evidentiary hearing the predecessor judge had conducted on that portion of the defendant’s Rule 3.850 motion which had alleged ineffective assistance of trial counsel.
The trial court ruled that Mr. Saldana’s testimony was not credible and was entitled to no weight. The court entered a written order denying relief. The defendant has appealed.
The evidentiary hearing was a bench trial in which the trial court sat as the trier of fact. “[W]e defer to the trial court’s findings of fact regarding the credibility of witnesses and the weight assigned to the evidence .... ” Lamarca v. State, 931 So.2d 838, 847 (Fla.2006) (citations omitted). “As long as the trial court’s findings are supported by competent substantial evidence, this Court will not substitute its judgment for that of the trial court on questions of fact, likewise of the credibility of the witnesses as well as the weight to be given to the evidence by the trial court.” Blanco v. State, 702 So.2d 1250, 1252 (Fla.1997) (citations and internal quotation marks omitted, accord Farina v. State, 937 So.2d 612, 622 (Fla.2006)). The order here meets those standards.
The defendant argues that the trial court employed the wrong legal standard. The defendant maintains that in considering newly discovered evidence, a trial court must evaluate the probable impact of the newly discovered evidence on the jury, and may not make its own credibility determination of the witness’ truthfulness. For that proposition the defense relies on Lee v. State, 899 So.2d 348, 354-55 (Fla. 2d DCA 2005), and Light v. State, 796 So.2d 610, 617 (Fla. 2d DCA 2001).
The defendant’s argument is foreclosed by the Florida Supreme Court’s decision in this case. The Florida Supreme Court’s opinion stated, “Florida law treats recantations with suspicion, and requires a new trial only if the court is satisfied that the recantation is true and that the witness’s testimony will change to such an extent as to render probable a different verdict.” McLin, 827 So.2d at 955 (citations and internal quotation marks omitted; emphasis added); see also id. at 959 (stating that claim of ineffective assistance of counsel would need to be revisited “if Saldana testifies consistently with his affidavit and the testimony is determined to be credible ....”) (emphasis added).* The McLin opinion specified that the credibility determination was to be made by the trial court.
The defendant’s reliance on the decisions in Lee and Light is misplaced. Neither case involved recantation testimony, and neither case involved a claim that the testimony of a newly discovered witness was wholly unworthy of belief.
For the stated reasons, the order now before us is affirmed.

 Although Mr. Saldana did not testify at trial, he cooperated with the State and gave a sworn statement implicating the defendant. Mr. Saldana’s later affidavit stated that he and a codefendant participated in a scheme to frame defendant McLin. The Saldana affidavit recanted his earlier sworn statement.