IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WARREN KILPATRICK,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-0723

Opinion filed August 12, 2014.

An appeal from the Circuit Court for Wakulla County.
Charles W. Dodson, Judge.

Warren Kilpatrick, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Kristen Lynn Bonjour, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

     The appellant, Warren Kilpatrick, appeals the denial of his *pro se* Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief following an evidentiary hearing. He argues that his trial counsel was ineffective for failing to investigate and call a certain witness at trial. Finding the appellant's arguments without merit, we affirm.

At the post-conviction hearing, the appellant's trial counsel testified that he had interviewed the witness before trial and had determined that she intended to offer false testimony in order to help the appellant. Trial counsel testified that he was ethically prohibited from offering false testimony to the court. See Florida Rule of Professional Conduct 4-3.3(a)(4). Trial counsel also testified that he was advised by the witness's own attorney that the witness would not be allowed to take the stand and perjure herself.

The trial court denied the appellant's post-conviction motion, finding that trial counsel was not ineffective because the witness was not available to testify and, even if the witness had taken the stand and exercised her Fifth Amendment privilege, this would not have created a reasonable probability sufficient to undermine confidence in the outcome of the case.

We review the trial court's factual findings for competent, substantial evidence and its legal conclusions *de novo*. See Stephens v. State, 748 So. 2d 1028, 1033 (Fla. 1999). This Court will not substitute its judgment for that of the trial court on questions of fact, the credibility of witnesses, or the weight given to the evidence. See Blanco v. State, 702 So. 2d 1250, 1252 (Fla. 1997).

The framework for analyzing claims of ineffective assistance of counsel was articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious

2

that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Here, the trial court properly denied the appellant's post-conviction motion as he failed to meet the <u>Strickland</u> prongs. Trial counsel's decision not to call the witness was proper. The witness was effectively unavailable for trial based on trial counsel's reasonable belief that she would present perjured testimony. <u>See</u> <u>Nelson v. State</u>, 73 So. 3d 77, 88 (Fla. 2011) (stating that the unavailability of a witness will preclude a defendant from establishing deficient performance or prejudice).

AFFIRMED.

WOLF and ROWE, JJ., and PARKER, GREGORY S., ASSOCIATE JUDGE, CONCUR.