# Third District Court of Appeal

## State of Florida

Opinion filed January 25, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-644
Lower Tribunal No. F01-25909
_____

**Robert Jackson, a/k/a Eldwin Gelin,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal under Florida Rule of Appellate Procedure 9.141(b)(3) from the Circuit Court for Miami-Dade County, Teresa Pooler, Judge.

O'Brien Hatfield Reese P.A., and Rachael E. Reese (Tampa), for appellant.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before LOGUE, MILLER, and LOBREE, JJ.

PER CURIAM.

Affirmed. See Jones v. State, 591 So. 2d 911, 915 (Fla. 1991) ("[I]n order to provide relief, the newly discovered evidence must be of such nature that it would *probably* produce an acquittal on retrial."); Jones v. State, 709 So. 2d 512, 521 (Fla. 1998) ("[T]he trial court should initially consider whether the evidence would have been admissible at trial or whether there would have been any evidentiary bars to its admissibility."); Blanco v. State, 702 So. 2d 1250, 1252 (Fla. 1997) (internal quotation marks omitted) (quoting Demps v. State, 462 So. 2d 1074, 1075 (Fla. 1984)) ("As long as the trial court's findings are supported by competent substantial evidence, 'this Court will not substitute its judgment for that of the trial court on questions of fact, likewise of the credibility of the witnesses as well as the weight to be given to the evidence by the trial court.'"); Marek v. State, 14 So. 3d 985, 995 (Fla. 2009) (holding declarant's statement not so far contrary to his pecuniary or proprietary interest when made many years after trial and statute of limitations had run); § 90.804(1)(b), Fla. Stat. (2021) ("'Unavailability as a witness' means that the declarant: . . . Persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so . . . ."); § 90.804(2)(c), Fla. Stat. ("A statement tending to expose the declarant to criminal liability and offered to exculpate the

accused is inadmissible, unless corroborating circumstances show the trustworthiness of the statement.").