# Third District Court of Appeal

## State of Florida

Opinion filed March 13, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1727
Lower Tribunal No. F08-17481B

_____

**Kenneth Williams,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Carlos J. Martinez, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Kseniya Smychkouskaya, Assistant Attorney General, for appellee.

Before EMAS, MILLER and BOKOR, JJ.

PER CURIAM.

Affirmed. <u>Long v. State</u>, 183 So. 3d 342, 345 (Fla. 2016) (adapting test announced in <u>Jones v. State</u>, 709 So. 2d 512 (Fla. 1998) and <u>Grosvenor v. State</u>, 874 So. 2d 1176 (Fla. 2004) and applying  same in the context of a plea, holding: "We likewise establish a similar two-prong test for determining postconviction claims for newly discovered evidence relating to guilty pleas which adopts the first prong of the <u>Jones</u> test and the second prong from <u>Grosvenor</u>. First, the evidence must not have been known by the trial court, the party, or counsel at the time of the plea, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence. Second, the defendant must demonstrate a reasonable probability that, but for the newly discovered evidence, the defendant would not have pleaded guilty and would have insisted on going to trial. "[I]n determining whether a reasonable probability exists that the defendant would have insisted on going to trial, a court should consider the totality of the circumstances surrounding the plea, including such factors as whether a particular defense was likely to succeed at trial, the colloquy between the defendant and the trial court at the time of the plea, and the difference between the sentence imposed under the plea and the maximum possible sentence the defendant faced at a trial.'") (quoting <u>Grosvenor</u>, 874 So. 2d at 1181-82).  <u>See also</u> <u>McLin v. State</u>, 827 So. 2d 948, 954 n. 4 (Fla. 2002)

2

(comparing the standard of appellate review of a summary denial of a 3.850 claim and the standard of appellate review of a denial of a 3.850 claim following an evidentiary hearing and noting that, in the latter, "the appellate court affords deference to the trial court's factual findings."); Blanco v. State, 702 So. 2d 1250, 1252 (Fla. 1997) ("In reviewing a trial court's application of the above law to a rule 3.850 motion following an evidentiary hearing, this Court applies the following standard of review: As long as the trial court's findings are supported by competent substantial evidence, 'this Court will not substitute its judgment for that of the trial court on questions of fact, likewise of the credibility of the witnesses as well as the weight to be given to the evidence by the trial court.'") (quoting Demps v. State, 462 So. 2d 1074, 1075 (Fla.1984)) (additional quotation omitted).