614 So.2d 482 (1993)
Timothy Curtis HUDSON, Appellant, Cross-Appellee,
v.
STATE of Florida, Appellee, Cross-Appellant.
No. 78462.
Supreme Court of Florida.
January 14, 1993.
Rehearing Denied March 22, 1993.
Larry Helm Spalding, Capital Collateral Representative, Martin J. McClain, Chief Asst. CCR and Kenneth D. Driggs, Asst. CCR, Office of the Capital Collateral Representative, Tallahassee, for appellant, cross-appellee.
Robert A. Butterworth, Atty. Gen. and Candance M. Sabella, Asst. Atty. Gen., Tampa, for appellee, cross-appellant.
PER CURIAM.
Timothy Hudson, a prisoner on death row, appeals and the state cross-appeals the trial court's order on Hudson's motion for postconviction relief. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.; Fla. R.Crim.P. 3.850. We affirm the trial court's order.
A jury convicted Hudson of breaking into his former girlfriend's home and killing her roommate and recommended that he be sentenced to death. The trial court agreed with that recommendation, and this Court affirmed Hudson's convictions and sentences. Hudson v. State, 538 So.2d 829 (Fla.), cert. denied, 493 U.S. 875, 110 S.Ct. 212, 107 L.Ed.2d 165 (1989). After the governor signed his death warrant, Hudson filed a motion for postconviction relief raising the following issues: 1) public defender had a conflict of interest; 2) ineffective assistance for failing to develop an intoxication *483 defense; 3) ineffective assistance at the penalty phase; 4) ineffective assistance for failing to develop a competent mental health evaluation; 5) ineffective assistance regarding jury selection; 6) trial court failed to find and consider mitigation; 7) burden shift by penalty phase instructions; and 8) unconstitutional automatic aggravators. The trial court stayed Hudson's execution and held that there would be an evidentiary hearing on the first four claims and any portion of the others relating to counsel's effectiveness. The court also held that the merits portions of the other claims were procedurally barred.
In his order rendered after the hearing the judge held that only the second and third claims merited any discussion. As to claim 2, failure to develop an intoxication defense, the judge found no merit to Hudson's claim of ineffective assistance. Regarding claim 3, however, the judge found that counsel had been ineffective in preparing for the penalty phase and held that Hudson should be resentenced.
Now, Hudson argues that the court erred in not finding merit in more of his arguments and in not awarding him a new trial. The state, on the other hand, contends that the court erred in granting Hudson a new sentencing proceeding. We disagree with both sides' claims. The record discloses that competent, substantial evidence supports the trial court's rulings, and we refuse to disturb those rulings. The trial court's order, therefore, is affirmed. We direct the trial court to empanel a jury and conduct a new sentencing proceeding within ninety days of the date this opinion becomes final.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.