690 So.2d 1280 (1997)
Larry CLARK, Appellant,
v.
STATE of Florida, Appellee.
Larry CLARK, Petitioner,
v.
Harry K. SINGLETARY, etc., Respondent.
Nos. 86836, 88331.
Supreme Court of Florida.
March 27, 1997.
*1281 Patrick D. Doherty, Clearwater; and Richard G. Parker, Thomas J. Karr, Matthew B. Pachman, Evelyn L. Becker and Brian P. Brooks of O'Melveny & Myers LLP, Washington, DC, for Appellant/Petitioner.
Robert A. Butterworth, Attorney General and Robert J. Landry, Assistant Attorney General, Tampa, for Appellee/Respondent.
PER CURIAM.
Larry Clark appeals the trial court's denial of his motion to vacate his conviction and death sentence pursuant to Florida Rule of Criminal Procedure 3.850. We also have before us a petition for writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const. For the reasons expressed below, we deny the petition for writ of habeas corpus, and we affirm in part and reverse in part the trial court's rule 3.850 order and remand for a new sentencing hearing before a jury.
Clark was convicted of first-degree murder for shooting Dorothy Satey during a robbery of her shop in 1981. By an eight-to-four vote, the jury recommended death. The court imposed a sentence of death after finding five aggravating [1] circumstances and no mitigating circumstances. A more detailed description of the facts of this case is contained in the initial direct appeal. Clark v. State, 443 So.2d 973 (Fla.1983), wherein we affirmed Clark's conviction and sentence of death.

3.850 MOTION
Initially, Clark filed a pro se 3.850 motion, which the trial court summarily denied. On appeal of that denial, this Court held that the trial court erred because Clark's motion to withdraw his pro se motion should have been granted without prejudice and because the court failed to attach record excerpts showing conclusively that Clark was not entitled to relief. Clark v. State, 491 So.2d 545, 547 n. 1 (Fla.1986). This Court then permitted Clark to raise additional claims through counsel. Clark's counsel filed an augmented 3.850 motion plus discovery requests which led to an amended 3.850 motion. Clark appeals the trial court's denial of his amended 3.850 motion.
In the amended 3.850 motion, Clark challenged his conviction and death sentence, raising twenty claims. The trial court denied relief as to all claims without an evidentiary hearing. The trial court did allow evidence to be proffered on the issue of ineffective assistance of counsel during the sentencing proceeding. After the proffer, the trial court denied this claim without admitting evidence. In this appeal, Clark raises numerous claims,[2] several of which are procedurally *1282 barred,[3] and we affirm the trial court's denial of these claims. We find the issues raised by Clark as to the guilt phase of his trial to be without merit. We find Clark's second issue, alleging that he was denied effective assistance of counsel at his sentencing proceeding, to be dispositive[4] of all remaining issues.

GUILT PHASE
Clark's sixth issue in this appeal is related to the guilt phase of his trial. Clark claims that the trial court erred in failing to grant Clark an evidentiary hearing regarding: (1) exculpatory evidence; (2) allegedly perjured testimony of a prosecution witness; and (3) Clark's claim of ineffective assistance of counsel at the guilt phase.
The trial court's order states in respect to these issues that Clark's motion: (1) did not specifically allege any new evidence; (2) did not assert that Clark's trial attorney was unable to conduct discovery regarding the alleged perjured witness or to cross-examine him; and (3) did not meet the test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for ineffective assistance of counsel because it demonstrated neither deficiency nor prejudice on the part of Clark's trial counsel.
We agree with the trial court that Clark made an insufficient showing in his postconviction motion to require an evidentiary hearing. Accordingly, we affirm the trial court's denial of the motion in respect to the guilt-phase issues.

SENTENCING PHASE
Clark argues that counsel's closing argument during the penalty phase failed the Strickland test, and thus Clark received ineffective assistance of counsel. Clark's contention is founded in part upon statements his counsel presented in closing argument which had the effect of prejudicing Clark rather than assisting him. We agree. Consequently, we reverse the trial court's order denying postconviction relief and remand for a new sentencing proceeding before a jury.
Strickland requires that a defendant must establish two components in order to demonstrate that counsel was ineffective: (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defendant. 466 U.S. at 687, 104 S.Ct. at 2064; Hildwin v. Dugger, 654 So.2d 107, 109 (Fla.1995). Our review of Clark's counsel's closing argument causes us to conclude that counsel's comments were so extremely inappropriate and damaging that counsel's performance was clearly below the standard we require and expect of counsel in capital proceedings. Counsel's performance resulted in a sentencing phase which was not a reliable adversarial testing.
The following statements are excerpts from counsel's closing argument:
[1] I[n] the years I have been practicing law in Florida, this is the fourth time I have argued for a person's life. I must confess to you, this is the most difficult case that I have ever had in terms of making the argument on the death penalty.
[2] Now, in arguing the death penalty in this fashion, as I am required to do, sometimes I just speak about subjects which I wouldn't normally speak about.
[3] Now, I hope I do not seem to you to be a gouhl [sic], but I have no choice.

[4] [Clark] therefore is far from being a good person, and, therefore, must be classified as a bad person....
[5] [Clark] is one of those people from the underbelly of society who, for whatever reason of background and upbringing, is unable to fully abide by the laws that the rest of us abide by.
[6] We have a crime problem in this country, and perhaps Mr. Clark comes from that group of people who create that problem.
[7] I agree that people like Mr. Clark should be stopped.

*1283 [8] I am not condoning Mr. Clark's activities or actions. I, myself, certainly appreciate the seriousness of this offense, and I, myself, certainly feel the horror that a death has occurred.
[9] Don't ask me, because I have no answer. What possesses anyone to go into a place of business with a firearm to steal one hundred dollars, and apparently to be prepared to use the firearms to steal one hundred dollars. I don't know the answer.... The problem is that it happens all the time with these type of people....
(Emphasis added.)
As evidenced by his closing statements, counsel failed to function reasonably as an effective counsel when he indicated his own doubts or distaste for the case and when he attacked Clark's character and emphasized the seriousness of the crime. Counsel completely abdicated his responsibility to Clark when he told the jury that Clark's case presented his most difficult challenge ever in arguing against imposition of the death penalty. When counsel virtually encouraged the jury to impose the death penalty, he assisted the prosecution in making its case. In so doing, he deprived Clark of adversarial testing of the prosecution's case. Accordingly, we find counsel's performance in his closing argument to be deficient.
Clark must establish that his counsel's deficient performance resulted in prejudice. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Hildwin, 654 So.2d at 110. A petitioner satisfies the prejudice prong of Strickland by showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. Clark "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. at 2068.
Clark has met his burden of proof on the prejudice prong. Prejudice is established here because Clark's counsel essentially offered the jury no alternative but to impose a sentence of death. In fact, we find that portions of counsel's argument had the effect of encouraging the jury to impose the death penalty. See Horton v. Zant, 941 F.2d 1449, 1463 (11th Cir.1991). Additionally, counsel's attacks on Clark's character and counsel's attempts to distance himself from his client could only have hurt Clark's cause. Id. We find that counsel's deficiencies during the sentencing caused an unreliable result, and therefore counsel's deficient performance was prejudicial to Clark.
Accordingly, we find ineffective assistance of counsel during Clark's sentencing proceeding, and we remand for a full resentencing proceeding before a jury. Clark will begin the resentencing proceeding with a clean slate. We direct the trial court to allow Clark to present any relevant evidence in mitigation including the life sentence of his codefendant which was imposed after this Court affirmed Clark's death sentence.
In view of the new sentencing proceeding, Clark's contention as to proportionality of his sentence is premature. Therefore, we do not reach the first issue Clark raises in this appeal.

HABEAS PETITION
In his petition for a writ of habeas corpus, Clark alleges that on direct appeal he was denied effective assistance of appellate counsel regarding penalty-phase issues.[5] These claims are now moot because we have ordered a new sentencing proceeding in which the issues may be raised. Accordingly, we deny the petition for a writ of habeas corpus.

CONCLUSION
We hold that Clark was denied his Sixth Amendment right to effective assistance of counsel at the sentencing phase of his trial and is therefore entitled to a new sentencing proceeding. We reverse the denial of relief as to that claim, vacate the death sentence, and remand for a full new sentencing proceeding *1284 before the jury and judge. We direct that the new sentencing proceeding commence no later than 120 days from the date that our decision becomes final. Leave to extend this time period may be granted only with the approval of the Chief Justice of this Court.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.
WELLS, J., concurs with an opinion.
WELLS, Justice, concurring.
I concur that this case must be remanded for a new sentencing proceeding for the reasons set forth by the majority. I write specifically to focus upon the delay in the adjudication of this case. The murder conviction occurred on April 20, 1982. This Court affirmed that conviction on December 22, 1983. The United States Supreme Court denied certiorari on May 21, 1984. Postconviction proceedings began in December 1984 through a pro se filing. The denial of that postconviction motion was reversed on July 17, 1986, with a direction by this Court that Clark's new postconviction counsel file an amended postconviction motion within thirty days. That motion was filed on August 8, 1986, but was not adjudicated by the circuit court until September 27, 1995, after a nonevidentiary hearing. On October 31, 1995, the trial court denied post-hearing motions. Notice of appeal was filed in this Court on November 14, 1995. Oral argument was held in this Court on January 9, 1997.
This case was pending in the circuit court for more than nine years for adjudication of a postconviction motion. This delay is simply unacceptable and is inexplicable when it is understood that the pending matter was a motion that the circuit court found to require no presentation of evidence.
In 1996, this Court implemented a rule of judicial administration which requires quarterly reporting to the Chief Justice of this Court by the chief judges of the circuit courts as to the courts' measures regarding the progress of postconviction cases. This case points out why the rule is necessary. I expect that rule to be timely and diligently followed. I also expect the circuit courts, the Attorney General, the state attorneys, and the defense attorneys (all officers of the court and members of The Florida Bar) to prevent delays such as that which has occurred in this case.
NOTES
[1] The trial court found the following five aggravating circumstances: (1) previous conviction of a violent felony; (2) crime was committed during commission of a burglary and robbery; (3) crime was committed for the purpose of avoiding or preventing a lawful arrest or effecting an escape from custody; (4) crime was especially heinous, atrocious, or cruel; (5) crime was committed in a cold, calculated, and premeditated manner without pretense of moral or legal justification.
[2] Clark claims that: (1) he is entitled to a reversal of his death sentence because his codefendant's death sentence was overturned; (2) he was denied effective assistance of counsel at sentencing; (3)(a) the trial court erred in applying the aggravating circumstance of heinous, atrocious, or cruel (HAC) because the court's jury instruction on HAC was unconstitutionally vague; (3)(b) the trial court erred in failing to consider and find nonstatutory mitigation; (3)(c) the trial court erred in instructing the jury on both "during commission of a robbery" and "for pecuniary gain" as aggravating circumstances; (3)(d) the trial court erred in finding that the murder was committed "for the purpose of avoiding arrest"; (3)(e) the trial court erred in finding that the murder was cold, calculated, and premeditated (CCP); (4) the trial court's instruction to the jury that the jury's recommendation was purely advisory, coupled with remarks by the prosecutor, deprived appellant of a reliable sentencing; (5) the prosecutor violated Clark's due process rights by his comments during the sentencing proceeding regarding sympathy; (6) the trial court erred in failing to grant appellant an evidentiary hearing on guilt-phase issues.
[3] The following claims are barred because they were or should have been raised on direct appeal: claims (3)(a), (3)(c), (3)(d), and (3)(e).
[4] In light of this opinion, the following claims are rendered moot: claims (1), (3)(b), (4), and (5).
[5] Clark maintains that the following arguments should have been made on direct appeal: (1) the trial court erred in failing to find any nonstatutory mitigating circumstances; (2) the trial court's jury instruction on the heinous, atrocious, or cruel aggravating factor was unconstitutionally vague; (3) the trial court erred in finding that the murder was cold, calculated, and premeditated.