FRANK, Judge.
James Stephens was charged with one count of battery of a law enforcement officer, one count of resisting. an officer with violence, one count of possession of cocaine, and one count of unauthorized possession of a driver’s license or identification card. The battery and resisting charges were severed and tried by a jury. Stephens was convicted as charged on the battery and was convicted of the lesser offense of resisting an officer without violence. He then changed his plea to guilty on the cocaine possession and driver’s license offenses and was sentenced on all charges.
Stephens filed a motion pursuant to Florida Rule of Criminal Procedure 3.850 requesting a new trial and/or vacation of judgment and sentence and withdrawal of his plea. The court held an evidentiary hearing, following which it granted the motion to vacate judgment and sentence and ordered a new trial. The State now appeals from that decision, and we reverse on the ground that, *759 even if Stephens’ counsel was ineffective in failing to clarify certain of the evidence, his attorney’s allegedly deficient performance did not prejudice the defendant to the extent that he was deprived of a fair trial.
Stephens' charges arose after the police stopped a car in which Stephens was a passenger. For reasons of officer safety, one of the policemen asked Stephens to exit the car. Stephens began to flail his arms and yell obscenities, refusing to leave the vehicle. As an officer reached over to unbuckle Stephens’ seat belt and pull him out of the car, Stephens punched the officer. This precipitated his arrest for battery of a law enforcement officer. Stephens allegedly struggled violently and continued to yell obscenities and eventually required hobble restraints to prevent injury to the officers or to himself.
After this altercation, Stephens complained only of scrapes on his nose and elbow. He stated that an unobserved bruise on his leg and the cut on his arm were old injuries. Nevertheless, he was taken to the hospital as standard police procedure. The officers testified that they used the least amount of force necessary to arrest the defendant; no one struck, punched, or kicked Stephens at any time. The third passenger also testified that he did not see the officers beat Stephens.
The primary thrust of Stephens’ defense was that he was the victim of police brutality and that which the police denominated resisting arrest was in actuality self-defense. To this end, Stephens produced at trial photographs of a bruise on his thigh that he contended was the product of an officer’s wielding a flashlight or nightstick. On rebuttal, the State called Dr. Wilks, the emergency room physician who examined Stephens immediately after arrest. Testifying from both his notes and from the photos, Wilks stated that the leg bruise was more than a day old and would not have been evident immediately after infliction.
In his 3.850 motion, Stephens’ counsel alleged that Stephens’ trial attorney was ineffective in failing to clarify that the photos about which Dr. Wilks testified were taken two days after arrest and not immediately afterward. Had counsel properly elicited this information, the defense contended, the jury could have concluded that the bruise was in fact inflicted by a police officer during the incident. The effect of this evidence on the jury would have been to create doubt in their minds as to the veracity of the officers’ testimony.
A review of the attachments to the trial court’s ruling on the 3.850 motion, together with the record of the evidentiary hearing, reveals that there was indeed confusion concerning when Stephens received the bruises depicted in the photographs. Stephens’ counsel probably was less than effective in presenting this evidence or in cross-examining Dr. Wilks. Nevertheless, to prevail on a 3.850 motion, the defendant must prove not only that his attorney made errors so serious that he could not be said to have been acting truly as his “counsel,” the defendant must also establish that “counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.” Rose v. State, 675 So.2d 567, 569 (Fla.1996) (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Our assessment of the evidence leads us to the conclusion that any alleged deficiency on the part of Stephens’ counsel did not affect the fairness and reliability of the trial so as to undermine confidence in the outcome. See Kennedy v. State, 547 So.2d 912 (Fla.1989). Our conclusion is only bolstered by the extremely weak nature of Stephens’ questionable police brutality defense, which was uncorroborated by any other evidence.
Accordingly, we reverse the trial court’s order granting a new trial and remand for reinstatement of Stephens’ convictions on all counts.
DANAHY, A.C.J., and PATTERSON, J., concur.