PER CURIAM.
Migdalia Vera was convicted of first degree murder and appealed. During the pendency of the appeal, she filed a motion for postconviction relief, claiming that her trial counsel had been ineffective. We relinquished jurisdiction for consideration of that motion. The trial court ruled in Vera’s favor and ordered that there be a new trial. The State has appealed and both appeals have been consolidated.
The postconviction motion proceeded by stipulation on what the testimony regarding the claim of ineffective assistance of counsel would be, and the original trial counsel conceded ineffective assistance in several respects. The trial judge who considered the postconviction motion was the one who tried the original case, and we must accord “weight to the trial judge’s superior vantage point in having observed the trial.” Stephens v. State, 748 So.2d 1028, 1035 (Fla.1999). We conclude that no error has been shown in the application of the test set forth by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The trial court order setting aside the conviction and granting a new trial is affirmed.