GRIFFIN, J.
Craig Avery Casler [“Casler”] appeals the lower court’s order denying his Rule 3.850 motion for post-conviction relief.
On November 25, 1996, Casler was charged by grand jury indictment with murder in the first degree of Judith M. *958 Johnson by blunt force trauma to the head and neck. On May 15, 1998, the jury found and the court adjudicated Casler guilty as charged. He was sentenced to life imprisonment without the possibility of parole.
He has raised twelve grounds for post-conviction relief in his rule 3.850 motion. All were denied without a hearing except ground ten. In ground ten, he contended that his trial counsel was ineffective for communicating the State’s plea offer to him in an “informational vacuum.”
At the evidentiary hearing, Casler and his mother testified, as did trial counsel. Trial counsel testified he had concerns early on in the process regarding Casler’s competence to stand trial and his sanity at the time of the offense due to his extremely severe alcohol problem. He said that Casler was probably the most difficult client he had ever dealt with in trying to get a logical train of circumstances and events from him, and that it was difficult to get Casler to focus on any one point for any length of time. Counsel testified that Casler knew he was under arrest for first-degree murder, and that he had explained the possible penalties to him as well. He stated he had discussed the evidence with Casler and he believed Casler had understood the importance of the available evidence.
There were discussions regarding a plea to a lesser offense and counsel testified that he carried those discussions back to Casler, Casler’s mother and Casler’s stepfather. Counsel said that when he discussed a plea to second-degree murder with Casler, Casler discounted it. He said he did not recall a term of years being offered by the State, but he did recall telling Casler the twenty-year range would probably be a best case scenario. He testified that Casler never expressed an interest in pleading to second-degree murder. Counsel stated that, as trial got closer, he thought Casler should consider a plea because he did not feel Casler would be acquitted by a jury due to some of the State’s evidence and the fact that they could not find a relevant basis to impeach the State’s key witness, all of which he discussed with Casler. Counsel testified that he recommended that Casler attempt to work out a plea with the State, but that Casler’s reaction was he was not going to plead to second-degree murder. He reiterated that he believed Casler had understood the penalties he would face if he entered a plea and that he was facing life in prison if he did not enter a plea. He stated he discussed the possibility of Cas-ler entering a plea “many times.”
On cross-examination, counsel acknowledged that his assessment of the case was that there was no real evidence of premeditation on Casler’s part. He also conceded that he did not have any notations in his file regarding plea offers or any written document regarding plea offers.
Casler called his mother, Ellen Jarvis [“Jarvis”], as a rebuttal witness. Jarvis testified that counsel never discussed any plea offers made by the State with her, and never recommended to her that Casler should enter a plea to second-degree murder. She stated she remembered very few conversations with counsel.
The State then recalled counsel, who testified that he spoke very frequently with Jarvis about the case; she came down to his office on occasion and would call him on the phone regularly at home, the office or on his cell phone; and he had lunch at her residence at least twice to discuss the case.
On December 20, 2002, the court entered an order denying Casler’s motion for post-conviction relief. The court found on ground ten that, in weighing the testimony *959 of Casler and' counsel, Casler was adequately informed of the plea offers and the surrounding circumstances.
Ineffective assistance of counsel claims are mixed questions of fact and law. Valle v. State, 778 So.2d 960, 966 (Fla.2001) (citing Stephens v. State, 748 So.2d 1028 (Fla. 1999)). When an appellate court reviews the trial court’s factual findings, it defers to those factual findings if they are supported by competent substantial evidence in the record. Id. Here, there is evidence to support the trial judge’s decision. Accordingly, we affirm.
AFFIRMED.
THOMPSON and PLEUS, JJ., concur.