WOLF, C.J.
Appellant appeals from a final order disposing of all the claims raised in his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We conclude, based on the testimony presented at the evidentiary hearing below, that the trial court erred in denying appellant’s claim that trial counsel provided constitutionally ineffective assistance, under the standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), when he failed to timely bring to the trial court’s attention inaccuracies in the translation of testimony from the State’s key witness as to the crimes charged in counts II through V of the amended information. For the reasons that follow, we reverse and remand with directions that appellant be afforded a new trial on those counts.
Appellant alleged in his motion that the testimony of Roberto Flores was not accurately translated by the court interpreter with respect to that portion of the testimony identifying appellant as the perpetrator. Appellant alleged in his motion that Mr. Flores’s testimony was “the cornerstone” of the State’s case as to counts II through V. (A fact verified by the transcript of the trial made part of the record in this appeal.) Appellant further alleged that he noticed the inaccuracies in the translation of Mr. Flores’s testimony during the trial and alerted trial counsel to those inaccuracies before the jury reached its verdict. Appellant also alleged that had the trial court known of the inaccuracies in the court interpreter’s translation, there is a reasonable probability that the outcome of the trial would have been different in that appellant would have either been afforded a new trial or the issue would have been properly preserved for appellate review.
At the evidentiary hearing on this claim, trial counsel admitted that during the jury’s deliberations appellant advised him of the asserted inaccuracies in the translation of Mr. Flores’s testimony. Trial counsel also testified that he obtained additional confirmation of the inaccuracies in the translation of Mr. Flores’s testimony from appellant’s family members who were present in the courtroom at the time. Trial counsel testified that he advised appellant and appellant’s family that nothing could be done about the asserted inaccuracies “right [that] minute.” Moreover, trial counsel appears to have indicated in his testimony that he decided not to do anything with the mistranslation information during the jury’s deliberations because he hoped for an acquittal on the charges for which Mr. Flores had been a witness.
*249 This court is not required to afford any particular deference to the trial court’s legal conclusion that the facts, as established at the evidentiary hearing, did not demonstrate deficient performance on the part of trial counsel. See Stephens v. State, 748 So.2d 1028, 1031-32 (Fla.1999); see also, e.g., Cave v. State, 899 So.2d 1042, 1048-49 (Fla.2005). Even assuming that trial counsel’s hope for an acquittal during the jury’s deliberations was justified, nothing prevented trial counsel from filing a motion for new trial with the mistranslation information within ten days after rendition of the jury’s verdict, which he actually advised appellant he would do. See Fla. R.Crim. P. 3.590(a). In fact, the mistranslation information would clearly have been a legitimate ground upon which to base a post-verdict motion for new trial. See Fla. R.Crim. P. 3.600(b)(8); see also Kelly v. State, 96 Fla. 348, 118 So. 1, 3 (1928)(holding that trial court erred in denying defendant’s motion for new trial where the record showed that the defendant’s testimony had not been accurately translated by the court interpreters).
Even though the trial court did not reach the prejudice prong of this ineffective assistance of counsel claim, it is clear from both the testimony presented at the evidentiary hearing, as well as the transcript from appellant’s trial, which was made a part of the record in this appeal at appellant’s request, that trial counsel’s deficient performance with regard to the mistranslation information was “so'serious as to deprive the defendant of a fair trial, a trial whose result is reliable.” Strickland, 466 U.S. at 687, 104 S.Ct. 2052; see also Rutherford v. State, 727 So.2d 216, 219-20 (Fla.1998)(explaining that the standard for analyzing the prejudice prong of an ineffective assistance of counsel claim under Strickland is not whether but for counsel’s errors the result of the proceeding would have been different, but rather whether the result of the proceeding.was rendered unreliable by counsel’s errors).
Mr. Flores was in fact the State’s key witness as to counts II through V and was, as trial counsel testified at the hearing below, the “sort of glue that brought everything together” in that his testimony provided the only evidence definitively identifying appellant as the perpetrator of the crimes charged in those counts. The defense pursued by appellant at trial was one of misidentification.
The transcript of appellant’s trial memorializes the following initial testimony from Mr. Flores, as translated by the court interpreter, on the issue of appellant’s identity as to the perpetrator of the crimes charged in counts II through V:
Q Do you know a Roberto Concepcion?
A I have only met him one time.
Q Okay. The person that you met one time known as Roberto Concepcion, is here in the courtroom?
A The first time I came, 15 days only. He only saw him for the first time.
Q The man you’re referring to that you saw for the first time, is that man in the courtroom today?
THE INTERPRETER: He is not understanding me.
BY [THE PROSECUTOR]:
Q Let mfe try this. Sir, I want you to look at this man. Stand up and look at this man. Have you seen him before?
A He says only saw him one time, but he doesn’t look like the same one anymore.
Q Does he, look a little different today than the first time you saw him?
A He’s fat, and he don’t look the same.
Q Tell us what happened the first time you saw him. .
*250 A He was skinny. He says you don’t look the same.
THE INTERPRETER: May I tell him not to talk to him, to answer your questions?
[THE PROSECUTOR]: Yes.
A I don’t know. It was at night. We were drinking. We were drunk with our friends. I was drinking with a friend, and later I went to sleep at about one in the morning. Lots of noise, just that.
The transcript then reflects testimony from Mr. Flores that the man he identified in court as being the man known to him as Roberto Concepcion had entered a trailer where Mr. Flores was living at the time, at night after Mr. Flores had been drinking with several other men, and he robbed Mr. Flores and the other men, at gunpoint, of both cash and the keys to a car belonging to one of the other men. This testimony formed the crux of the evidence supporting appellant’s convictions for armed robbery with a deadly weapon (counts II and III), grand theft of a motor vehicle (count IV), and burglary of a dwelling while armed (count V).
During cross-examination of Mr. Flores, the transcript of appellant’s trial reflects the following question and answer between defense counsel and Mr. Flores:
Q This man that you have identified over here, he doesn’t look like the man that was in the trailer that night, does he?
A Yes.
On redirect examination, the transcript reflects the following question and answer between the prosecutor and Mr. Flores:
Q Mr. Flores, are you positive that is the man that took your money?
A Yes.
The expert testimony presented by appellant at the evidentiary hearing demonstrated that the court interpreter inaccurately translated Mr. Flores’s testimony with regard to his initial in-court identification of appellant as the perpetrator and his reaffirmation of that identification on both cross-examination and redirect examination. Specifically, the expert indicated that the translator failed to interpret a statement made by Mr. Flores immediately after the prosecutor asked during Mr. Flores’s initial examination: “The man you’re referring to that you saw for the first time, is that man in the courtroom today?” The statement the translator failed to translate was, “No, he’s not right now, no more.” In addition, the expert indicated that the translator failed to interpret the word “identified” for Mr. Flores when defense counsel asked him on cross-examination, “This man that you have identified over here, he doesn’t look like the man that was in the trailer that night, does he?” Finally, the expert indicated that the translator misinterpreted the word “positive” when the prosecutor asked Mr. Flores on redirect examination, “Mr. Flores, are you positive that is the man that took your money?” The expert indicated that the interpreter used the wrong words when asking this question.
The evidentiary hearing testimony from appellant’s expert was unrefuted and the State does not challenge the accuracy of the translation performed by appellant’s expert. Under these circumstances the verdict is unreliable. We, therefore, reverse the trial court’s denial of relief as to this claim and remand with directions that appellant be afforded a new trial on counts II through V.
BARFIELD and LEWIS, JJ., concur.