CRENSHAW, Judge.
 

 Anthony Walker appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The postconviction court summarily denied five of Walker’s grounds and denied the remaining six grounds after an evidentiary hearing. We affirm the denial of grounds three through eleven without discussion. For reasons discussed below, we also affirm the postconviction court’s findings as to ground two. However, because the record fails to conclusively refute either argument raised in ground one, we reverse and remand for further proceedings.
 

 In ground one of his motion, Walker alleged his trial counsel was ineffective for failing to object when the trial court did not swear in prospective jurors prior to conducting voir dire. Walker argues this failure enabled one of the jurors, Cora Stephens, to lie about knowing him. Alternatively, Walker alleged he was not present for the swearing of the jury and thus his counsel was ineffective for failing to object pursuant to Florida Rule of Criminal Procedure 3.180(a)(4). In ground two of his motion, which Walker requested be considered in conjunction with ground one, he alleged his trial counsel was ineffective for failing to object to Stephens’ participation as a jury member despite using a peremptory challenge to strike her from being seated.
 

 The postconviction court summarily denied ground one in its entirety, finding Walker failed to establish prejudice because the trial transcript confirmed that his counsel exercised a peremptory challenge resulting in Stephens being struck from the jury. Despite finding in ground one that the record established Stephens never sat on the jury, the post-conviction court nonetheless ordered the State to respond to, and eventually conducted a hearing on the merits of, ground two of Walker’s motion. The postconviction court noted discrepancies existed in various court documents and trial transcripts indicating whether or not Stephens was on the jury,
 
 [1]
 
 and the parties subse
 
 *1003
 
 quently spent a great deal of time at the evidentiary hearing determining whether she sat on the panel. The postconviction court thereafter entered an order denying ground two and stated:
 

 While this court is not totally convinced that all inaccuracies in the transcript have now been corrected, it is satisfied that the narrow issue to be decided here — whether a peremptory challenge against juror Cora Stephens was granted or denied by the court — has been sufficiently resolved. Based on the revised transcript ... in conjunction with the testimony presented ... it appears certain that the original transcript was in error and that the court ultimately denied any challenge lodged against Ms. Stephens during jury selection. Accordingly, Ms. Stephens was properly em-panelled as a juror in the case and this claim is denied.
 

 The postconviction court was within its right, as the trier of fact, to determine that the evidence established Stephens was on the jury. We therefore defer to the post-conviction court’s findings as to Stephens’ placement on the jury and affirm its ruling denying ground two of Walker’s motion.
 
 See Stephens v. State,
 
 748 So.2d 1028, 1033 (Fla.1999). However, the postconviction court’s findings in ground two failed to address the inconsistencies that remained through its summary denial of ground one. Walker argued in the first part of ground one that his counsel was ineffective for failing to object to Stephens’ placement on the jury because Walker allegedly told his counsel that Stephens was lying as to whether she knew him. At the evidentiary hearing, neither Walker nor his counsel testified as to what, if anything, Walker told his counsel about Stephens and whether his counsel objected to Stephens being seated on the jury on this basis. Further, Walker based the second part of ground one on the assertion that the prospective jurors were either never sworn or improperly sworn outside of his presence in violation of rule 3.180(a)(4). Walker’s presence during the swearing of the jury was not determined from the record. Thus, neither part of ground one was conclusively refuted by the record and the postconviction court erred by summarily denying this ground.
 
 See Peede v. State,
 
 748 So.2d 253, 257 (Fla.1999). Accordingly, we remand for further proceedings on both parts of ground one of Walker’s motion. On remand, the postconviction court shall either attach portions of the record conclusively refuting both parts of ground one or conduct an evidentiary hearing.
 

 Affirmed in part, reversed in part, and remanded with directions.
 

 NORTHCUTT, J., Concurs.
 

 VILLANTI, J., Concurs in result only.
 

 [1]
 

 . It appears the confusion arose from two documents: the original transcript from the voir dire proceedings stating the peremptory challenge striking Stephens from the jury had been granted, and a contrasting jury panel list providing that Stephens was seated as the
 
 *1003
 
 second member of die jury. Because of numerous odier inconsistencies with the transcript, further investigation revealed that the court reporter misplaced and then reconstructed her notes from the voir dire proceedings, which resulted in additional versions of the voir dire transcript.